United States District Court
Southern District of Texas
**ENTERED**
June 07, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DAVID GREG GONZALES, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-cv-199 |
| | § | |
| WILLACY COUNTY SHERIFF'S | § | |
| DEPARTMENT, ET AL., | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 19, 2020, Plaintiff David Greg Gonzales filed a prisoner civil rights complaint against the following defendants: Willacy County Sheriff's Department, Jail Administrators, Major Andy Maldonado, Chief Admin Rene Ramirez, and Kori Guzman. Dkt. No. 1. Gonzales's complaint concerns the use of physical restraints against him. Id. Gonzales was no longer imprisoned when he filed the complaint. Id.

Gonzales did not prepay the filing fee or move to proceed in forma pauperis. On January 29, 2021, the Court ordered Gonzales to either pay the filing fee or file a motion to proceed in forma pauperis. Dkt. No. 7. The Court gave Gonzales until March 1, 2021, to correct this deficiency. Id. Gonzales was warned that "[f]ailure to comply with this requirement may result in the complaint being dismissed without prejudice for want of prosecution." Id.

The order was sent to Gonzales's last known address. The certified mail receipt indicated that it was signed for and the mail has not been returned to the Court as undeliverable. Dkt. No. 9. The signed certified mail receipt was filed with the clerk's office on February 4, 2021. Id. Thus, more than three months after the deadline expired, Gonzales has neither paid the filing fee nor moved to proceed in forma pauperis.

## I. Applicable Law

### A. Want of Prosecution

A district court may <u>sua sponte</u> dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir.1988).  Generally, such dismissals are without prejudice; however, if further litigation would be time-barred, then the Court must treat the dismissal as one with prejudice and determine whether such a "severe" sanction is warranted. <u>Campbell v. Wilkinson</u>, 988 F.3d 798, 801 n 1 (5th Cir. 2021).

A case may be dismissed with prejudice for want of prosecution only if there is "a clear record of delay or contumacious conduct by the plaintiff" and lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed and have been futile. <u>Berry v. CIGNA/RSI-CIGNA</u>, 975 F.2d 1188, 1191 (5th Cir. 1992).  Generally, one of three aggravating factors is present in a dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." <u>Id</u>.

## II. Analysis

Gonzales's failure to respond to the Court's court order instructing him to pay the filing fee or submit the documentation and application to proceed <u>in forma pauperis</u> warrants dismissal of his claims without prejudice. <u>Caton v. Dretke</u>, 2008 WL 177704 (E.D. Tex. Jan. 17, 2008).

While a dismissal without prejudice is recommended, such a dismissal may amount to a dismissal with prejudice, if the "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed." <u>Burden v. Yates</u>, 644 F.2d 503, 505 (5th Cir. 1981) (quoting <u>Boazman v. Economics Laboratory, Inc.</u>, 537 F.2d 210, 213 (5th Cir. 1976) (emphasis added)).  Where there is any doubt as to the effect of the dismissal, the higher standard for dismissal with prejudice should be applied. <u>Collins v. Stalder</u>, 236 Fed. App'x. 29, *1 (5th Cir. 2007) (unpubl.) (citing <u>Boazman</u>, 537 F.2d at 212-13).

Gonzales claims that the restrains were first used against him on November 21, 2019, and have been used against him intermittently since that date. Dkt. No. 1, p. 3. The statute of limitations for a § 1983 claim in Texas is two years. Winfrey v. Rogers, 901 F.3d 483, 492 (5th Cir. 2018). Accordingly, the statute of limitations will not expire until November 21, 2021, at the earliest. Gonzales would be able to refile his complaint before that date without running afoul of the statute of limitations.

**III. Recommendation**

The Court recommends that the complaint filed by David Greg Gonzales, Dkt. No. 1, be dismissed without prejudice for want of prosecution.

The parties have fourteen days (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas, on June 7, 2021.

Ronald G. Morgan
United States Magistrate Judge